ORIGINAL WAS FILED FOR RECORD
At 1:05 O'Clock P M

CAUSE NO. 25,319      MAY 15 2013

| | | |
|---|---|---|
| MITCHELL C. LOVE, *Plaintiff* | § § § | IN THE DISTRICT COURT DISTRICT CLERK GONZALES COUNTY, TEXAS |
| VS. | § § § | GONZALES COUNTY, TEXAS |
| TI-ZACK CONCRETE, INC., AND ROBERT RICHARD CLAFFEY, *Defendants* | § § § § | _____ JUDICIAL DISTRICT |

By_____ Deputy

### PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Mitchell Charles Love, hereinafter referred to by name or as Plaintiff, complains of Ti-Zack Concrete, Inc., and Robert Richard Claffey, hereinafter referred to by name or as Defendants, and for cause of action would show the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is an individual residing in Refugio County, Texas.

3. Defendant Ti-Zack Concrete, Inc., was a legal entity conducting business in the State of Minnesota at the time of the incident and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. Defendant Robert Richard Claffey was an individual residing in Le Sueur County, Minnesota at the time of the incident and may be served with process at 40430 Lake Volney Lane, Le Center, Minnesota 56057.

1


EXHIBIT "A"

## III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the motor vehicle accident occurred in Texas and/or Defendants do business in Texas.

6. Venue in Gonzales County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county where the collision made the basis of this lawsuit occurred.

## IV. FACTS

7. On February 14, 2013, at approximately 12:53 p.m., Plaintiff was driving in a 2012 Ford Pickup in a lawful manner in Gonzales County, Texas. Plaintiff was travelling south on highway 183 in the 1100 block of Water Street, Gonzales County, Texas when the car he was driving in suddenly, violently, and without warning was struck on the passenger's side by a vehicle owned by Defendant Ti-Zack Concrete, Inc., and driven by Defendant Robert Richard Claffey in the course and scope of his employment with Ti-Zack Concrete, Inc. Defendant Claffey had pulled out of the parking lot of a liquor store, was making an unsafe turn into the highway, and pulled directly into the path of Plaintiff's vehicle. This collision to the passenger's side of Plaintiff's vehicle caused Plaintiff to sustain injury to his body, as more fully set forth below.

## V. CAUSES OF ACTION

8. The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendant Robert Richard Claffey. Defendant Claffey operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

b. in failing to maintain a proper lookout; and

c. in failing to control his vehicle in order to avoid the collision in question.

9. Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Claffey's conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in Tex. Transp. Code § 545.155, which mandates that:

> VEHICLE ENTERING HIGHWAY FROM PRIVATE ROAD OR DRIVEWAY. An operator about to enter or cross a highway from an alley, building, or private road or driveway shall yield the right-of-way to a vehicle approaching on the highway to be entered.

10. Defendant Ti-Zack Concrete, Inc., was negligent under the theory of respondeat superior in that Defendant Claffey was acting within the course and scope of his employment with Ti-Zack Concrete, Inc., at the time the incident occurred.

11. Defendant Claffey's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant Claffey's conduct, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendant Claffey had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated. Accordingly, Defendant's conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies

Code. Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial

## V. CAUSATION AND DAMAGES

12.     Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life. Such damages, as more fully described below, are within the minimum jurisdictional limits of this Court.

13.     As a direct and proximate result of the collision and the negligent conduct of the Defendants as described above, Plaintiff suffered severe bodily injury to his neck, upper back, lower back, and other parts of his body generally. Plaintiff's body was bruised, battered and contused and he suffered great shock to his entire nervous systems. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and his ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his life.

14.     As a direct and proximate result of the collision and the negligent conduct of the Defendants as described above, Plaintiff has suffered great physical and mental pain, suffering and anguish in the past, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his life.

15. As a direct and proximate result of the collision and the negligent conduct of the Defendants as described above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred. There is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention for a long time into the future, if not for the balance of his life.

16. As a direct and proximate result of the collision and the Defendants' negligent conduct, Plaintiff has lost income and wages in the past.

17. As a direct and proximate result of the collision and the Defendants' negligent conduct, Plaintiff has suffered impaired earning capacity, and will continue to suffer in this manner for a long time into the future, if not for the balance of his life.

18. As a further result of all of the above, Plaintiff sustained damage to his vehicle, despite the repairs to his vehicle, the damage will result in diminished value of Plaintiff's vehicle.

## VI. JURY DEMAND

19. Plaintiff demands a trial by jury, and has paid the required jury fee.

## VII. REQUEST FOR DISCLOSURE

20. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## VII. PRAYER

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants in an amount within the minimum jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. past and future necessary and reasonable medical, hospital, and pharmaceutical expenses;
2. past and future physical pain and suffering;
3. past and future mental anguish;
4. past and future physical impairment;
5. past and future physical disfigurement;
6. lost income and wages in the past;
7. loss of earning capacity in the future;
8. exemplary damages;
9. taxable court costs.

Respectfully submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600;
Fax: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Paul D. Carmona
State Bar No. 03824020


## CT Corporation

**Service of Process Transmittal**
05/20/2013
CT Log Number 522753061

**TO:** Chris Hartwig
Ti-Zack Concrete, Inc.
39352 221st Ave
Le Center, MN 56057

**RE:** Process Served in Texas

**FOR:** Ti-Zack Concrete, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mitchell C. Love, Pltf. vs. Ti-Zack Concrete, Inc. and Robert Richard Claffey, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request for Disclosure |
| **COURT/AGENCY:** | 25th Judicial District Court Gonzales County, TX<br>Case # 25319 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 02/14/2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/20/2013 postmarked on 05/15/2013 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days - Answer // Within 50 days after of service - Disclosure |
| **ATTORNEY(S) / SENDER(S):** | Paul D. Carmona<br>521 Starr Street<br>Corpus Christi, TX 78401 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 799807780431 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amber Carrouth |
| **ADDRESS:** | 350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SANDRA BAKER
GONZALES COUNTY DISTRICT CLERK
STE 300
414 N SAINT JOSEPH ST
GONZALES, TX 78629-4069



Return Receipt (Electronic)    9214 8901 0661 5400 0015 2757 65

26,319
TI-ZACK CONCRETE, INC.
BY SERVING: REGISTERED AGENT: CT CORPORATION SYSTEM
350 N SAINT PAUL ST STE 2900
DALLAS, TX 75201-4234

**RESTRICTED DELIVERY**

............CUT / FOLD HERE............

............6" X 9" ENVELOPE
CUT / FOLD HERE............

............CUT / FOLD HERE............

DEFENDANT'S COPY

## CITATION BY CERTIFIED MAIL - TRC 106

| | |
|---|---|
| THE STATE OF TEXAS: | Cause No. 25319 |
| Mitchell C. Love | IN THE DISTRICT COURT |
| VS | 25TH JUDICIAL DISTRICT |
| Ti-Zack Concrete, Inc. and Robert Richard Claffey | GONZALES COUNTY, TEXAS |

TO: Ti-Zack Concrete Inc.
by serving Registered Agent CT Corporation System
350 N St Paul Street Suite 2900
Dallas TX 75201

Defendant- GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** TRCP. 99

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation the Gonzales County, at the Courthouse in said County in Gonzales, Texas. Said Plaintiff's Petition was filed in said court on the 05/15/2013 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Gonzales, Texas this 15th day of May, 2013.

Attorney for Plaintiff or Plaintiff:
Paul D. Carmona
521 Starr Street
Corpus Christi TX 78401

Clerk of the Court:
Sandra Baker
414 St. Joseph St., Ste. 300
Gonzales County, Texas

By _Georgia Molnoshey_ Deputy

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by mailing the same to _____ Defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fees .......... $_____

_____ Sheriff / District Clerk
_____ County, Texas
By_____ Deputy

[Attach return receipts with addressee's signature to reverse side]

